# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION NO. 08-016** |
| | : | |
| **KULEE TAILEY** | : | |

**McHUGH, J.**                                                                                              **January 18, 2022**

### AMENDED MEMORANDUM [1]

Following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), Petitioner filed a § 2255 motion seeking to vacate his convictions for using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C § 924(c).  ECF No. 28.  In his motion, Mr. Tailey argues that the predicate offense in his case, carjacking under 18 U.S.C. § 2119, is not a "crime of violence" as defined by the elements clause of 18 U.S.C. § 924(c)(3)(A).[2]

Consideration of this petition was stayed pending the disposition of *United States v. Smith*, No. CV 19-2257, 2021 WL 2135947 (3d Cir. May 11, 2021), in which a panel of the Third Circuit recently denied a certificate of appealability on the carjacking question, albeit in a non-precedential opinion.  The parties agree that the stay should be lifted and that Mr. Tailey's petition should be addressed on the merits.

---

[1] There is no substantive change in the Court's analysis.  This amended memorandum is being filed to clarify that the relevant predicate offense here is limited to carjacking.  The Court's previous order denying relief remains in effect.

[2] 18 U.S.C. § 924(c)(3) has two clauses: an elements clause (A) and a residual clause (B). In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court invalidated the residual clause as unconstitutionally vague based on the reasoning in *Johnson*.  Consequently, the predicate offenses must be found to be "crimes of violence" under the elements clause to support Petitioner's conviction under § 924(c).

Defense counsel concedes that "Third Circuit law currently does not support Mr. Tailey's position" but nevertheless maintains that carjacking is not a crime of violence to preserve the issue. Mem. at 2, ECF 31.  I disagree and conclude that carjacking is categorically a crime of violence under § 924(c)'s elements clause and therefore deny Petitioner's § 2255 motion.  In *Smith*, a panel of the Third Circuit held that "reasonable jurists would not debate the conclusion that carjacking in violation of 18 U.S.C. § 2119 categorically constitutes a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A)." 2021 WL 2135947 at *1.  As a non-precedential opinion, *Smith* would not suffice to decide the issue.  But the Court of Appeals has held in a precedential opinion that a bank robbery statute with identical language satisfies § 924(c)'s elements clause. *United States v. Wilson*, 880 F.3d 80, 82 (3d Cir. 2018).[3]  Finally, my conclusion here comports with the holding of every circuit court to have considered the matter.  *See e.g. United States v. Felder*, 993 F.3d 57, 80 (2d Cir.), *cert. denied,* 142 S. Ct. 597 (2021) (recognizing federal carjacking as a § 924(c)(3)(A) crime of violence); *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (same); *United States v. Jackson*, 918 F.3d 467, 485–86 (6th Cir. 2019) (same); *United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir. 2018) (same); *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017) (same); *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016) (same).

For these reasons, I am persuaded that Mr. Tailey's carjacking conviction in violation of 18 U.S.C. § 2119 is categorically a crime of violence under the elements clause of § 924(c)(3)(A) and therefore, deny his § 2255 motion.  An appropriate order follows.

---

[3]The relevant language of the bank robbery statute addressed in *Wilson* provides: "[w]hoever *by force and violence, or by intimidation*, takes, or attempts to take, from the person or presence of another. . ." 18 U.S.C. § 2113(a).  The relevant language of the carjacking statute at issue here provides: "[w]hoever, with the intent to cause death or serious bodily harm, takes a motor vehicle . . . from the person or presence of another *by force and violence or by intimidation,* or attempts to do so . . .". 18 U.S.C. § 2119. (Emphasis added as to both excerpts).

There is no basis for the issuance of a certificate of appealability.

/s/ Gerald Austin McHugh  
United States District Judge